O’Neall, J.
In this case we concur with the judge below in his view of the law.
The assent of the executors to the legacy vested the property in the legatee, and, if this was fair, and bona fide, a creditor, whose debt is not paid from other circumstances, such as a subsequent insolvency of the executor, or a loss of funds (without the fault of the executor,) reserved for the payment of debts, could not pursue the property in the hands of the legatee by execution. His remedy would be in Equity, against all the-legatees, for a contribution.
The case of Rice ads. Spears and Galbreath, State Rep. 20, is decisive of this point in the case.
Upon the question as to the statute of limitations, we agree also with the presiding judge. A possession of four years, in one’s own right, of a chattel, is a bar against all who are not *524 un^er some legal disability to sue. The right of property was in the executors ; and if they even did not assent to the legacy, yet the adverse possession of the legatee would bar their right of action, and of course the execution creditors. For they can only claim through or by the executor’s title; that is, if the executors have no. legal right to the possession of a chattel, generally, a creditor of the testator cannot seize the chattel in execution. There is one exception created by the case of Farr v. Newman, 4 T. R. 621, and recognized in the case of M’Neill v. Jones, 1 Hill, 84; as where a chattel belonging to the testator has been sold for the debt of the executor, there it is permitted to the creditor of the testator to seize it in execution. But even in that case, after four years possession, the statute would, I think, be a bar, on the authority of the case of M’Rae v. Smith, 2 Bay, 339.
Rogers, for the motion.
Williams & Hill, contra.
The motion for a new trial is dismissed.
Johnson and Harper, Js. concurred.